UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES DUANE RILEY,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>DOUGLAS WEBER,  MIKE DURFEE STATE PRISON, SPRINGFIELD, SD; AND MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>　　　　　　　Respondents. | 5:15-CV-05073-JLV<br><br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY<br><br>DOCKET NO. 2 |

　　　　This matter is before the court on petitioner James Riley's *pro se* habeas petition pursuant to 28 U.S.C. § 2254.  See Docket No. 1.  Mr. Riley is in the custody of the State of South Dakota pursuant to a conviction from a South Dakota state court.  Id.  This matter was referred to this magistrate judge pursuant to the October 16, 2014, standing order of Chief Judge Jeffrey L. Viken and 28 U.S.C. § 636(b)(1).

　　　　Mr. Riley acknowledges he has not finished exhausting his habeas claims before the state courts of South Dakota.  He alleges the following sequence of events post-judgment in his case:

　　　　April 10, 2012—Mr. Riley was sentenced in state court

　　　　May 4, 2012—Mr. Riley filed a direct appeal of his conviction

1

>December 18, 2013—South Dakota Supreme Court affirmed his conviction
>
>March 18, 2014—Mr. Riley petitioned for a writ of certiorari from the United States Supreme Court
>
>May 27, 2014—Supreme Court denied Mr. Riley's petition for certiorari
>
>November 17, 2014—Mr. Riley filed a state habeas petition in state circuit court
>
>December 4, 2014—state circuit court denied habeas relief
>
>January 2, 2015—Mr. Riley sought a certificate of probable cause from the South Dakota Supreme Court
>
>June 15, 2015—the South Dakota Supreme Court issued a certificate of probable cause
>
>August 12, 2015—Mr. Riley filed his appeal of the denial of habeas relief with the South Dakota Supreme Court

See Docket No. 2.

Despite knowing that he has not exhausted his habeas claims in state court (because the South Dakota Supreme Court has not ruled on his appeal yet), Mr. Riley nevertheless filed his federal habeas petition with this court. He explains he is uncertain about whether his state habeas petition will be deemed timely or how the statute of limitations will be applied concerning his federal petition. See Docket No. 2. Accordingly, he filed his federal habeas petition "protectively" and seeks an order staying any action on his federal petition until the state courts have finished review of his habeas claims there.

In Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), the Court ruled that although the federal statute of limitations applicable to § 2254 habeas petitions was tolled during the pendency of a properly filed state petition collaterally

attacking a state conviction, if the state petition was filed untimely, tolling did not occur. The petitioner in Pace argued this was unfair because "a 'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never "properly filed," ' [i.e. because the state petition was untimely] and thus that his federal habeas petition is time barred." Id. at 416. The Court responded that "[a] prisoner seeking state postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Id. Mr. Riley relies on Pace for the premature filing of his petition here in this court and the subsequent motion to stay. See Docket No. 2.

    The court directed respondents to file a response to Mr. Riley's motion to stay. See Docket No. 5. Instead of doing so, they filed their own motion to stay. See Docket No. 6. Respondents have never filed a response to Mr. Riley's motion or the facts and authority set forth therein.

    Good cause appearing, it is hereby

    ORDERED that Mr. Riley's motion to stay [Docket No. 2] is granted. The parties shall immediately advise the court when the South Dakota Supreme Court renders a decision on Mr. Riley's pending appeal before that court.

    DATED this 18th day of April, 2016.

BY THE COURT:

_Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge