UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES DUANE RILEY,<br><br>     Petitioner,<br><br> vs.<br><br>DOUGLAS WEBER, MIKE DURFEE STATE PRISON, SPRINGFIELD, SD; and MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>     Respondents. | CIV. 15-5073-JLV<br><br>ORDER |

**INTRODUCTION**

Petitioner James Duane Riley, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 16). The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B). Judge Duffy issued a report recommending the court dismiss Mr. Riley's habeas petition with prejudice. (Docket 32 at p. 66). Mr. Riley timely filed his objection. (Docket 34).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Mr.

Riley's objection is overruled and the report and recommendation is adopted in full.

**PETITIONER'S OBJECTION**

Mr. Riley's objection to the report and recommendation is limited to Claim 3 of the amended petition. (Docket 34 at p. 1). Petitioner's objection is that his "right to due process was violated when he was convicted on insufficient evidence. . . . [And] [t]he magistrate erred in finding that the South Dakota Supreme Court's decision was not objectively unreasonable." Id. at pp. 1 & 5.

**ANALYSIS**

Petitioner acknowledges the magistrate judge "correctly noted the applicable legal standards for federal review of a state court conviction being challenged on insufficiency grounds." Id. at p. 1 (referencing Docket 32 at p. 59) ("When a federal court reviews a sufficiency of the evidence claim as to a state court conviction, the appropriate standard to apply is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' ") (citing Jackson v. Virginia, 443 U.S. 307, 319 & 324, (1979) (emphasis in original). Petitioner also acknowledges the magistrate judge "correctly noted the deference given to the underlying state court determination that the evidence in a particular case was sufficient to sustain the conviction." Id. at p. 2 (referencing Docket 32 at p. 60) ("[W]hen a federal habeas court reviews a state court decision, it may not overturn that decision rejecting a sufficiency of the

2

evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.' ") (citing Coleman v. Johnson, 566 U.S. 650, 132 S. Ct. 2060, 2062 (2012) (some internal quotation marks and citation omitted). Mr. Riley claims the magistrate judge "erred in applying these principals to the facts of the case." Id. at p. 2.

Mr. Riley was convicted by a jury in state court of count I of a two-count indictment charging "possession of child pornography in violation of SDCL 22-24A-3(3)." South Dakota v. Riley, 841 N.W.2d 431, 434-35 (S.D. 2013) ("Riley I"). Count I was associated with what the court identified as "the full video," and Count II was associated with "the partial video." Id. at 435. The jury failed to reach a verdict as to Count II. Id.

The magistrate judge noted the South Dakota Supreme Court found the prosecution "relied entirely on circumstantial evidence to convict Mr. Riley of possessing the [full] video." (Docket 32 at p. 62) (referencing Riley I, 841 N.W.2d at 436) ("Here, the State presented no direct evidence that Riley possessed the full video, but rather relied on circumstantial evidence to convict Riley."). The South Dakota Supreme Court identified the circumstantial evidence presented at trial and the reasonable inferences from the evidence as follows:

> [Agent] Kuchenreuther testified that he downloaded the full video from the IP address leased to Riley. Riley I, 841 N.W.2d at 437;
> 
> [T]he video file was located in a shared folder within the LimeWire file-sharing program that was using Riley's IP address. Id.;

3

Riley admitted that he used LimeWire and introduced no evidence that someone else was using his IP address. Id.;

Riley's girlfriend testified that he used LimeWire and that he was the only one who used the computer and the Internet at their home. Id.; and

[Riley's girlfriend] further testified that only one computer in the house was working.

"From this evidence," the South Dakota Supreme Court concluded "the jury could reasonably infer that Riley had exclusive access to the computer associated with his IP address and downloaded the full video." Id. at p. 437.

The next grouping of circumstantial evidence presented to the jury and the reasonable inferences which the South Dakota Supreme Court found from that evidence was as follows:

> [D]uring Riley's interview with [Agent] Gromer, Riley admitted that he glanced at child pornography, and his responses to Gromer's questions suggested Riley was aware that pornographic videos had been on his computer. Id.;
>
> Riley's girlfriend testified that she informed Riley at 1:00 a.m. that investigators had been at the house and that they would return at 6:00 a.m. Id. at p. 438;
>
> [Riley's girlfriend] informed Riley the officers would be returning, and before the officers arrived, she observed Riley working on his computer but did not know what he was doing. Id.;
>
> [Agent] Eisenbraun [testified] that the forensic evaluation revealed the computer's operating system had been reinstalled at 5:37 a.m., approximately one hour before officers arrived at Riley's residence. Id.;
>
> [Agent] Eisenbraun testified that in his opinion, this reinstallation likely overwrote the files containing videos of child pornography on Riley's computer. Id.;

4

> Riley admitted to using LimeWire, but LimeWire was not found on his computer. Id.; and

> [Agent] Eisenbraun also testified that a significant amount of music [which Riley stated he had acquired through LimeWire] had been taken off of Riley's computer prior to the operating system reinstallation. Id.

"From this evidence," the South Dakota Supreme Court concluded "the jury could reasonably infer Riley deleted a number of items, including the full video [Agent] Kuchenreuther downloaded on October 20, 2009, and [that Riley] reinstalled the operating system before law enforcement arrived, effectively deleting the video." Id. at p. 438.

The last grouping of circumstantial evidence presented to the jury and from which the South Dakota Supreme Court concluded reasonable inferences were appropriate was as follows:

> [Agent] Eisenbraun testified that he used a screen shot from Kuchenreuther's investigation to perform a text-string search, which searched Riley's computer for text strings corresponding to file names generated during Kuchenreuther's investigation. Id.;

> [Agent] Eisenbraun found multiple text strings, including text strings related to the full video, on the unallocated space of Riley's computer. Id.; and

> [Agent] Eisenbraun testified that these text strings, or file names, "clearly . . . suggest[ ] child pornography." Id.

"From this evidence," the South Dakota Supreme Court concluded "the jury could reasonably infer that child pornography had been present on Riley's computer on October 20, 2009, when Kuchenreuther located the files and successfully downloaded the full video." Id.

5

The South Dakota Supreme Court's analysis acknowledged the law precluded a "divide-and-conquer analysis" of each individual piece of evidence. Riley I, 841 at p. 437 (referencing United States v. Arvizu, 534 U.S. 266, 274 (2002) (a review under the totality of the circumstances test precludes evaluating each factor in isolation in order to create a susceptible innocent explanation that entitles that factor to no weight).   In conclusion, the South Dakota Supreme Court found that "reviewing the evidence as a whole and in the light most favorable to the verdict, we conclude there was sufficient evidence for a rational jury to find Riley guilty beyond a reasonable doubt."   Id. at 438.

The magistrate judge referred to Henry David Thoreau's musing that "some circumstantial evidence is very strong, as when you find a trout in the milk"[1] in her evaluation of the circumstantial evidence.   (Docket 32 at p. 63). Mr. Riley's objection placed great emphasis on the magistrate judge's use of this analogy.   (Docket 34 at pp. 3-4).   Mr. Riley argues because the magistrate judge agreed with the dissent in Riley I that "the text strings found on Riley's hard drive

---

[1] " 'Some circumstantial evidence is very strong, as when you find a trout in the milk.' (Henry David Thoreau).   There are two great branches of evidence in a Criminal Case.   They are direct evidence and circumstantial evidence.   The meaning of direct evidence is as plain as the nose on your face. . . . Whatever a person perceives with any of his physical senses is direct evidence. . . . Everything else is circumstantial. . . .If it isn't direct evidence it's circumstantial evidence.   And if there's a trout in a can of milk, we know the farmer has dipped his can into a stream of water.   We didn't see him do it, but we know the squiggly rainbow didn't come from a cow's udder.   The finned scrapper getting his first taste of milk is irrefutable circumstantial evidence of dairy farmer duplicity!"   A Trout in the Milk, Profiles in Prosecution, Mel Harmon, May 2011 (Overview).
https://www.authorhouse.com/bookstore/bookdetail.aspx?bookid=SKU-00046 0042

was equivocal," and she found this "as odd as finding a trout in the milk for an innocent man to embed text strings suggestive of child pornography in his computer," the magistrate judge erroneously permitted these "suspicious circumstances" to create "incriminating inferences sufficient to sustain a verdict." Id. at pp. 3-4 (referencing Docket 32 at p. 63).

Mr. Riley ignored the totality of the evidence considered by the magistrate judge. The magistrate judge's analysis concluded that standing alone, each statement might appear odd, but when considered in conjunction with the other circumstantial evidence, the oddity evaporates and constitutes strong circumstantial evidence of guilt.

The circumstantial evidence and the permissible inferences develop as follows. Agent Kuchenreuther identified child pornography associated with the IP address at Mr. Riley's home in Hermosa, South Dakota. Agent Kuchenreuther could not identify the particular computer which was using that IP address. Riley's girlfriend testified there was only one operable computer in their home and Mr. Riley was the only operator of that computer. Riley's girlfriend testified Mr. Riley was the only person home when Agent Kuchenreuther associated child pornography with that IP address. It is a permissible inference that Mr. Riley was using his own computer when the child pornography was identified as residing at the IP address.

Agent Eisenbraun testified the text string names were suggestive of child pornography. These text strings matched the descriptions witnessed by Agent

7

Kuchenreuther on Mr. Riley's IP address during October 2009. The full video had been downloaded from Mr. Riley's computer by Agent Kuchenreuther in October 2009. Two of the text string names matched two of the names on the list of 79 videos observed at Mr. Riley's IP address during the January 2010 search of the computer. The 79 videos identified by Kuchenreuther were no longer on Mr. Riley's computer when it was searched in January 2010. The full video was not present on the computer during the January 2010 search of the computer. It is a permissible inference that Mr. Riley had the full video on his computer in October 2009.

Mr. Riley argues the magistrate judge erred when she commented "that 'the jury surely found it odd' that [Mr. Riley] reinstalled his computer's operating system after a long drive home from California . . . in the hours immediately before the police were coming for his computer." (Docket 34 at p. 4). He suggests the magistrate judge mistakenly moved this suspicious circumstance into a valid inference that Mr. Riley "possessed child pornography." Id.

Mr. Riley's argument is misplaced. Assuming Mr. Riley's computer crashed while he was in California, it is suspicious that he would drive 14 hours home, arrive at 1 a.m., be warned by his girlfriend that law enforcement was going to be at his home at 6:30 a.m. and then spend the remainder of the night reinstalling his computer's operating system. It is a valid inference from this circumstantial evidence that Mr. Riley had something on his computer he did not want seen by law enforcement. Based on Mr. Riley's conduct, the jury could

reasonably infer he intended to eliminate any evidence of child pornography from his computer.

The magistrate judge concluded "the circumstantial evidence indicating Mr. Riley in fact possessed child pornography is strong enough that this court cannot conclude it was 'objectively unreasonable' for the South Dakota Supreme Court to find that a rational trier of fact could have found Mr. Riley guilty beyond a reasonable doubt." (Docket 32 at pp. 65-66). Based on this conclusion, the magistrate judge found "the South Dakota state court made factual findings that were fairly supported in the record and it did not unreasonably apply federal law." Id. at p. 66. For this reason, the magistrate judge "recommended that Mr. Riley's third claim for relief be denied with prejudice and that no certificate of appealability be issued." Id.

The circumstantial evidence presented during Mr. Riley's state court trial did not result in a conviction based on an improper inference or mere suspicion. Wesson v. United States 172 F.2d 931, 933-34 (8th Cir. 1949). Substantial evidence supports the jury's verdict and the decision of the South Dakota Supreme Court to affirm the verdict. See United States v. Lam, 338 F.3d 868, 872 (8th Cir. 2003) ("[T]he facts and circumstances relied on by the government must be consistent with guilt, but they need not be inconsistent with any other hypothesis, and it is enough to convict if the entire body of evidence is sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty.") (internal citation omitted). The magistrate judge properly concluded the

decision of the South Dakota Supreme Court was not "objectively unreasonable." Coleman, 132 S. Ct. at 2062. Mr. Riley's objection is overruled.

**ORDER**

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable law. The court further finds the magistrate judge's legal analysis is well-reasoned. Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Riley's objection (Docket 34) to the report and recommendation is overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 32) is adopted in full.

IT IS FURTHER ORDERED that the respondents' motions (Dockets 18 & 22) are granted consistent with this order.

IT IS FURTHER ORDERED that the amended petition (Docket 16) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.

Although the court declines to issue a certificate of appealability, Mr. Riley may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the

Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated September 21, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE